UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00027-TBR-LLK

RANDY HADFIELD,                                                                              Plaintiff,

v.

NEWPAGE CORP., *et al.*,                                                                 Defendants.

## MEMORANDUM OPINION AND ORDER

Randy Hadfield filed this age discrimination action against NewPage Corporation, his former employer, following his termination in February 2013. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred all discovery-related disputes to Magistrate Judge King. Unfortunately, there have been many, and NewPage objects to the Magistrate Judge's opinion and order resolving them. Having carefully reviewed that opinion, NewPage's objection is **SUSTAINED IN PART** and **OVERRULED IN PART**.

### I.

For some time, Randy Hadfield worked at NewPage Corporation's facility in Wickliffe, Kentucky. R. 56 at 1 (Magistrate Judge's Opinion and Order of November 5, 2015). In February 2013, however, NewPage eliminated more than three hundred employees allegedly as part of a nationwide reduction in force. *Id.* Among those terminated were Hadfield and seven other employees at the Wickliffe location. *Id.* NewPage offered all eight employees severance pay in exchange for a release of any potential claims against NewPage. *Id.* at 1–2. While seven of the terminated employees accepted that offer, Hadfield refused. *Id.* Instead, Hadfield brought this action under the Age Discrimination in Employment Act of 1967 and the Kentucky Civil Rights Act,

1

claiming that NewPage terminated him on account of his age. R. 1 at 5–6, ¶¶ 20–25 (Complaint).

The Court held a telephonic scheduling conference with Hadfield and NewPage on April 17, 2014. *See* R. 10 at 1 (Order of April 9, 2014). Thereafter, on April 24, 2014, the Court entered a scheduling order setting April 1, 2015 as the deadline for completing discovery. R. 11 at 1, ¶ 4 (Scheduling Order). Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred all discovery disputes to Magistrate Judge King. R. 11 at 1, ¶ 4.

The parties commenced written discovery on July 23, 2014, when NewPage served Hadfield with interrogatories and requests for production. *See* R. 59-1 (NewPage's Interrogatories and Requests for Production). Hadfield responded to NewPage's papers on December 12, *see* R. 59-2 (Hadfield's Response to Interrogatories and Requests for Production), and propounded his own requests on January 16, 2015, *see* R. 59-3 (Hadfield's First Requests for Production). NewPage replied on March 9. *See* R. 59-4 (NewPage's Response to First Requests for Production).

Meanwhile, and well in advance of the discovery cutoff date, Hadfield requested additional time to complete discovery. *See* R. 14 at 1–2 (Motion to Amend Scheduling Order). Although NewPage opposed that request, *see* R. 16 at 1–6 (Response in Opposition to Motion to Amend Scheduling Order), the Court granted Hadfield's motion. It extended the discovery cutoff date from April 1 to November 1, 2015. R. 19 at 1, ¶ 4 (Amended Scheduling Order).

Subsequently, Hadfield served additional written discovery requests on NewPage in May 2015, *see* R. 59-5 (Hadfield's Interrogatories and Second Requests for

2

Production), and NewPage responded to the same in late July 2015, *see* R. 59-6 (Response to Interrogatories and Second Requests for Production). Hadfield also deposed his former supervisors, Lora Snowaert and Matt Owens, in June 2015. *See* R. 21 (Notice of Snowaert's Deposition); R. 22 (Notice of Owens' Deposition). While subsequent discovery slowed in or around August 2015, such appears to be the result of Hadfield and NewPage's inability to resolve numerous discovery-related disputes. *See* R. 59-9 (Discovery Correspondence). Ultimately, Hadfield brought those issues to the Magistrate Judge in September, *see* R. 27 at 1 (Magistrate Judge's Order of September 25, 2015), who ordered the matters briefed in October, *see* R. 33 at 1 (Magistrate Judge's Order of October 16, 2015), and resolved them with the objected-to opinion and order in November, *see* R. 56 at 12–14.

## II.

When a party timely assigns error to a magistrate judge's nondispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party demonstrates that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [his] legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *EEOC v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (alteration in original) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd per curiam*, 19 F.3d 1432 (6th Cir.

3

1994) (unpublished table disposition)) (internal quotation marks omitted). A factual finding is clearly erroneous where the Court is left "with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014).

### III.

NewPage objects to four parts of the Magistrate Judge's opinion and order. *See* R. 59 at 1–2 (Objection to Magistrate Judge's Opinion and Order). The Court addresses the merits of those objections below.

### A.

First, NewPage argues that the Magistrate Judge erred when he extended the discovery cutoff date to allow Hadfield to serve additional requests for production. *See id.* at 19–22. NewPage insists the Magistrate Judge granted that extension without good cause. *See id.* at 21–22. The Court disagrees.

### 1.

Scheduling-order modifications, Federal Rule of Civil Procedure 16 says, are available only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d

4

613, 625 (6th Cir. 2002)); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). A "formal motion is not necessary" for the Court to modify its scheduling order. Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment; *see also Kohus v. Ohio State Highway Patrol*, No. 3:12-CV-324, 2015 WL 4545888, at *2 (S.D. Ohio May 6, 2015) ("The Court, *sua sponte*, extends the discovery deadline . . . ."); *Davis v. Musick*, No. 2:11-CV-919, 2013 WL 209578, at *1 (S.D. Ohio Jan. 17, 2013) ("Although defendants have not expressly moved for an extension of the discovery competition period, the parties' memoranda effective address the issue."); *Davis v. Fid. Techs. Corp.*, 180 F.R.D. 329, 331 (W.D. Tenn. 1998) ("The Court finds, *sua sponte*, that good cause exists for extending the discovery deadline to allow for limited discovery on the issue at hand.").

**2.**

**a.**

In this case, the record supports a finding of good cause. While, perhaps, less than a model of diligence, there is sufficient evidence that Hadfield had been attempting to schedule depositions and conduct discovery prior to the November 2015 deadline. For example, Hadfield served written discovery requests in late May 2015, *see* R. 59-5, and NewPage responded to those requests in late July 2015, *see* R. 59-6. Hadfield also deposed his former supervisors, Lora Snowaert and Matt Owens, in June 2015. *See* R. 21; R. 22. While subsequent discovery slowed in or around August 2015, such appears to be the result of Hadfield and NewPage's inability to resolve numerous discovery-related disputes. *See* R. 59-9. Ultimately, Hadfield brought those issues to the Magistrate Judge in September, *see* R. 27 at 1, who ordered the matters briefed in October, *see* R. 33 at 1,

and resolved them with the objected-to order in November, *see* R. 56 at 12–14. In light of the progress made, Hadfield has exhibited diligence in trying to meet the deadlines set in this Court's scheduling order.

### b.

Still, NewPage faults Hadfield for not pursuing discovery earlier. *See* R. 59 at 14–17, 20–22. It says that Hadfield waited until October 16 ("two weeks before the close of discovery") before requesting seven new categories of documents. *Id.* at 21; *see also id.* at 14–17. The Magistrate Judge rejected that narrative, holding the documents that Hadfield requested in October substantially overlapped with those sought through earlier interrogatories and requests for production. *See* R. 56 at 11 (comparing R. 36-1, with R. 40-5, and R. 40-7). While NewPage's position is not without some merit,[1] the Court cannot say that the Magistrate Judge's finding is clearly erroneous.

Take the following example. NewPage alleges that Hadfield failed to "use the discovery period diligently" because, prior to October 2015, he never asked for the performance reviews of eleven other employees at the Wickliffe location. *See* R. 59 at 14, 20–22. True enough, Hadfield made no specific request for those files prior to October. In May, however, Hadfield did ask for those same employees' personnel files, *see* R. 59-3 at 5, ¶ 6—files he assumed would contain any and all performance evaluations, *see* R. 46 at 5 (Response to Motion to Quash). While that assumption turned out to be incorrect, Hadfield learned of his mistake only after taking Mike Mazzone's deposition on October 20, 2015. *See* R. 46 at 6; *see also* R. 49-2 at 2 (Reply in Support

---

[1] Hadfield's requests for the "Employment Termination Program Disclosure, Severance and Release Agreement, and Severance Worksheet Summary" as to Gary Rohrer, Everette Clement, Morris Tucker, and Terri Dunn, R. 36 at 2, ¶¶ 4–7 (Notice of Mazzone's Deposition), appear to be unrelated to Hadfield's earlier discovery requests, *see* R. 59 at 15. Instead, these records relate to a reduction in force at Wickliffe Paper Mill in 2009—not the reduction in force in 2012. *See* R. 59 at 8.

of Motion to Quash). The Court is not left with a definite and firm conviction, then, that the Magistrate Judge's finding of substantial overlap is without support.

B.

Next, NewPage argues that the Magistrate Judge erred when he ordered NewPage to produce the confidential severance and release agreements of the other Wickliffe-location employees. R. 59 at 22–24. The essence of NewPage's objection is that Hadfield did not meet his burden to show the relevance of the agreements. *See id.* at 22–23. The Magistrate Judge disagreed, *see* R. 56 at 4, and his conclusion is not contrary to law.

1.

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.[2] Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The proponent of a motion to compel discovery bears the initial burden of demonstrating relevance. *See United States ex rel. Shamesh v. CA, Inc.*, ––– F. Supp. 3d ––––, ––––, 2016 WL 74394, at *8 (D.D.C. 2016); *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *Anderson v. Dillard's, Inc.*, 251

---

[2] Various revisions to the Federal Rules of Civil Procedure became effective on December 1, 2015, and govern "insofar as just and practicable, all proceedings then pending." Order Regarding Amendments to Fed. R. Civ. P., ––– U.S. ––– (2015); *see also* 28 U.S.C. § 2074(a). Upon careful consideration, the Court holds that application of the amended Federal Rules of Civil Procedure to this case is just and practicable. *See Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2015 WL 8482256, at *1 n.7 (N.D. Cal. Dec. 10, 2015). Therefore, the Court applies the Civil Rules as amended.

F.R.D. 307, 309–10 (W.D. Tenn. 2008). Considering the spirit and purpose of the Civil Rules, however, that threshold is relatively low. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014); *Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008). The Court has considerable discretion when handling discovery matters, such as deciding if information might be relevant. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981); *see also Heathman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 1032, 1035 (9th Cir. 1974) ("'Relevance' on discovery has a very broad meaning, and the question is for the district court." (citing Fed. R. Civ. P. 26(b)(1)) (citation omitted)).

**2.**

Hadfield satisfied his burden to demonstrate the relevance of the severance agreements between NewPage and former Wickliffe-location employees who were terminated, along with Hadfield, during the alleged reduction in force. Possibly, those agreements bear on NewPage's "contention that there was a valid reduction in force." R. 40-2 at 4 (Memorandum in Support of Motion to Compel). More to the point, the agreements purport to "release[] any age discrimination claims" and prohibit those former employees "from speaking to anyone about the termination." *Id.* at 4. In light of those facts, Hadfield is "entitled to investigate why these former employees decided to accept [NewPage's] offers." R. 56 at 4. The Magistrate Judge's findings are not clearly erroneous and his conclusion is not contrary to law.[3]

---

[3] Of course, just because the Court will allow Hadfield to obtain the severance agreements in discovery does not mean that Hadfield will be allowed to introduce them at trial. Civil Rule 26 speaks plainly on that point: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

## C.

NewPage also takes issue with the manner in which the Magistrate Judge resolved Hadfield's request for leave to take more than ten depositions. R. 59 at 24–26. According to NewPage, the Magistrate Judge conflated "two separate processes, with two separate burdens: the process by which a party opposing discovery seeks a protective order and the process by which a party seeking to take more than ten depositions seeks leave for the same." R. 59 at 24 (citing R. 56 at 6–10). On that point, NewPage is right.

### 1.

A party is generally limited to ten depositions, *see* Fed. R. Civ. P. 30(a)(1), but the number may be increased with leave from this Court (or by stipulation), *see* Fed. R. Civ. P. 30(a)(2)(A)(i). Before granting leave to depose more than ten persons, the Court must weigh "several discretionary factors" found in Federal Rule of Civil Procedure 26(b).[4] *Raniola v. Bratton*, 243 F.3d 610, 628 (2d Cir. 2001); *see also* Fed. R. Civ. P. 30(a)(2). The party seeking additional depositions has the burden of persuading the Court that additional depositions are necessary. *See, e.g.*, *Moore v. Abbott Laboratories*, No. 2:05-CV-1065, 2009 WL 73876, at *1 (S.D. Ohio Jan. 8, 2009); *Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, Civil Action No. 07-12250, 2008 WL 251985, at *1 (E.D. Mich. Jan. 30, 2008); *accord Scott v. City of Sioux City*, 298 F.R.D. 400, 402 (N.D. Iowa 2014); *Madison v. Jack Link Assocs. Stage & Lighting Prods., Inc.*, 297 F.R.D. 532, 535 (S.D. Fla. 2013); *Byrd v. District of Columbia*, 259 F.R.D. 1, 5

---

[4] Those factors include (1) whether the additional depositions would be "unreasonably cumulative or duplicative," or if the same information could be obtained from some less burdensome source, Fed. R. Civ. P. 26(b)(2)(C)(i); (2) whether the moving party "has had ample opportunity to obtain the information by discovery," Fed. R. Civ. P. 26(b)(2)(C)(ii); and (3) whether taking additional depositions would be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources," and the burden compared to the benefit of the proposed discovery, Fed. R. Civ. P. 26(b)(1).

(D.D.C. 2009); *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482–83 (N.D. Tex. 2001).

**2.**

Because it appears that the Magistrate Judge applied the wrong legal standard, the Court must set aside the grant of leave to Hadfield as contrary to law. To start, the Magistrate Judge required NewPage to brief its opposition to Hadfield's oral request for leave before Hadfield had briefed his position on the subject. *See* R. 33 at 1–2. The unusual procedure placed NewPage in the disadvantageous position of responding before Hadfield had discharged his initial burden of demonstrating the necessity of deposing more than ten persons. *See* R. 41-1 at 2 n.2 (Motion for Protective Order). In his opinion and order granting Hadfield leave, the Magistrate Judge failed to address this paradox of "trying to disprove or argue against an unknown showing." R. 59 at 25.

More importantly, it seems that the Magistrate Judge placed the burden of production (and of proof) on NewPage instead of on Hadfield.[5] *See* R. 56 at 6–10. For example, the Magistrate Judge faulted NewPage for not presenting "sufficient evidence to demonstrate that the depositions would result in a burden disproportional to the instant case." *Id.* at 9. He also held NewPage could not "meet [its] burden to prevent [the] depositions simply based on the ratio of deposed to undeposed witnesses within the class" of employees who worked in the same department as Hadfield. *Id.* at 10. As the party seeking leave, however, those burdens belonged to Hadfield—not NewPage. To be

---

[5] The burden of production refers to "a party's duty to introduce enough evidence on an issue to have the issue decided by the fact-finder, rather than decided against the party in a peremptory ruling such as a summary judgment or a directed verdict." *Burden of Production*, Black's Law Dictionary (10th ed. 2014); *see also Dir., Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries*, 512 U.S. 267, 274 (1994) (defining the burden of production as "the burden of going forward with the evidence").

fair, the Magistrate Judge might well have been referring to NewPage's request to limit Hadfield to the seven depositions that he had already taken—an issue on which NewPage *did* bear the burden of proof. *See Lewis v. St. Luke's Hosp. Ass'n*, 132 F.3d 33. 1997 WL 778410, at *3 (6th Cir. 1997) (unpublished table disposition) ("The burden of establishing good cause for [a protective] order rests with the movant."). Yet, the Court cannot say that for certain. Accordingly, the Court will set aside the grant of leave to Hadfield as contrary to law and remand this issue to the Magistrate Judge for appropriate disposition.

### D.

Lastly, NewPage maintains that the Magistrate Judge erred in two ways regarding the subpoena *duces tecum* issued to NewPage's Human Resources Director Mike Mazzone. *See* R. 59 at 13–19. First, NewPage asserts, its motion to quash presented an actual controversy that—contrary to the Magistrate Judge's conclusion—was not moot. *Id.* at 13–18. Second, NewPage faults the Magistrate Judge for declining to award it reasonable fees and costs for resisting the subpoena. *Id.* at 18–19. Because neither conclusion is contrary to law, however, the Court overrules NewPage's objections.

### 1.

For all practical purposes, NewPage's motion to quash is moot. The subpoena *duces tecum* directed Mazzone to produce various materials at his deposition, *see* R. 36-1 at 1 (Subpoena *Duces Tecum*), which Hadfield noticed for October 20, 2015, *see* R. 36 at 1–2 (Notice of Mazzone's Deposition). Hadfield deposed Mazzone on that date, but Mazzone (and NewPage) refused to produce any of the documents requested in the subpoena. *See* R. 56 at 11. Because Mazzone (and NewPage) refused to comply with

11

that subpoena and the time for production has passed, "the subpoena no longer has any effect." *Does 1-4 v. U.S. Att'y Office, Dist. of Nev.*, 407 F. App'x 165, 166 (9th Cir. 2010) (per curiam); *accord In re Johnson & Johnson*, 59 F.R.D. 174, 177 (D. Del. 1973) ("By their failure to appear on that date the subpoenas were dishonored and spent . . . ."). In light of its noncompliance, NewPage has identified no harm for this Court to remedy. *See Does 1-4*, 407 F. App'x at 166 (citing *Earth Island Inst. v. U.S. Forrest Serv.*, 442 F.3d 1147, 1157 (9th Cir. 2006)). Any consideration of the motion to quash (or of the technical validity of the expired subpoena) "would be academic at this point." *In re Johnson & Johnson*, 59 F.R.D. at 177. The Magistrate Judge committed no error in finding NewPage's request moot.

### 2.

#### a.

The Magistrate Judge's refusal to award NewPage its fees and costs was not contrary to law either. Under Federal Rule of Civil Procedure 45, a party issuing a subpoena must take reasonable steps to avoid imposing an undue burden on the person subject to that subpoena. *See* Fed. R. Civ. P. 45(d)(1). Should the issuing party fail to comply with that duty, the Court must "impose an appropriate sanction—which *may* include lost earnings and reasonable attorney's fees." *Id.* But Civil Rule 45 neither requires the Court "to impose sanctions merely because a party is unsuccessful in its subpoena," *Goldberg v. Amgen, Inc.*, —— F. Supp. 3d ——, ——, 2015 WL 4999856, at *9 (D.D.C. 2015), nor does it mandate the award of attorney's fees as a sanction, *United States v. 36695 Clarita*, No. 15-12679, 2015 WL 6437214, at *2 (E.D. Mich. Oct. 22, 2015). Instead, "an award of fees is within the Court's discretion." *36695 Clarita*, 2015

WL 6437214, at *2 (citing *Muslim Cmty. Assoc. of Ann Arbor v. Pittsfield Twp.*, No. 12-10803, 2015 WL 5132583, at *3 (E.D. Mich. Apr. 24, 2015)).

**b.**

Here, the Magistrate Judge found that the subpoena (regardless of any deficits) "did not impose an undue burden or expense." R. 56 at 12. First, Mazzone (and NewPage) refused to comply with it. Second, Mazzone (and NewPage) could have served Hadfield with a written objection instead of filing the motion to quash. *See* Fed. R. Civ. P. 45(d)(2)(B); *see also Andra Grp., LP v. JDA Software Grp., Inc.*, —— F. Supp. 3d ——, ——, 2015 WL 1636602, at *4 (N.D. Tex. 2015) ("Timely serving written objections therefore suspends the non-party's obligation to comply with a subpoena commanding production of documents, pending a court order."). In light of those findings, the Magistrate Judge held NewPage suffered no undue burden or expense. R. 56 at 12. The Court perceives no clear error of fact or conclusion contrary to law as to that determination.

**IV.**

For the aforementioned reasons, and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that Defendant NewPage Corporation's Objections to Magistrate Judge's Opinion and Order (R. 59) is **SUSTAINED IN PART** and **OVERRULED IN PART**. The Court **SETS ASIDE** that portion of the Magistrate Judge's Opinion and Order that permitted Plaintiff Randy Hadfield to take more than ten depositions. Further briefing on this matter will be addressed following the lift or dissolution of the automatic stay. *See* R. 61 at 1–2 (Suggestion of Bankruptcy); *see also* 11 U.S.C. § 362(a)(1).

**IT IS FURTHER ORDERED** that NewPage Corporation's Expedited Motion to Stay Discovery Practice and Case Deadlines Pending Resolution of Discovery Motions (R. 55) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record